UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Quiessence Rock,

          Plaintiff,      Case No. 24-10768

v.      Judith E. Levy
      United States District Judge

Sillman Law Office, LLC,

      Mag. Judge David R. Grand

          Defendant.

_____/

**ORDER GRANTING DEFENDANT'S
MOTION TO SET ASIDE DEFAULT [5]**

Plaintiff Quiessence Rock filed the complaint in this action on March 26, 2024. (ECF No. 1.) On May 15, 2024, she submitted a request for a Clerk's entry of default against Defendant Sillman Law Office, LLC.[1] (ECF No. 3.) The exhibit to Plaintiff's request indicates that Defendant was served via certified mail on March 28, 2024. (ECF No. 3-1, PageID.14.) The Clerk of this Court subsequently entered a default against Defendant. (ECF No. 4.)

---

[1] While the complaint indicates Defendant is "S*t*illman Law Office, LLC" (ECF No. 1, PageID.1, 6), the docket and summons identify Defendant as "Sillman Law Office, LLC." (*See* ECF No. 2, PageID.11.)

On May 20, 2024, Defendant filed the present motion to set aside the Clerk's entry of default. (ECF No. 5.) In its motion, Defendant asserts that (i) Plaintiff has named the wrong entity,[2] (ii) service of process was improper, (iii) Plaintiff will not suffer substantial prejudice if the default is set aside, and (iv) it has meritorious defenses. (*See id.* at PageID.21–27.) Plaintiff did not file a response, and the deadline to do so has passed. *See* E.D. Mich. LR 7.1(e)(1)(A). As set forth below, the Court concludes that Plaintiff failed to properly serve Defendant and the Clerk's entry of default must therefore be set aside.

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause[.]" "In determining whether good cause exists, the court must consider: '(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced.'" *Lu v. SAP Am., Inc.*, No. 22-1253, 2022 WL 13983546, at *3 (6th Cir. Oct. 24, 2022) (alterations in original) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). However, "[d]ue

---

[2] Defendant indicates that Stillman Law Office, LLC was a Maryland limited liability company and was previously dissolved. (ECF No. 5, PageID.16, 21, 31.) Instead, the proper party appears to be "Stillman, P.C." (*Id.* at PageID.21.)

2

process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. Therefore, if service of process was not proper, the court must set aside an entry of default." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (citations omitted), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 596 U.S. 411, 416–17 (2022).

Federal Rule of Civil Procedure 4(h) governs service of a "domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name[.]" Within a judicial district of the United States, such organizations must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

Fed. R. Civ. P. 4(h)(1). Under Rule 4(e)(1), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or

3

where service is made." Under the Michigan Court Rules, service of process on a limited liability company ("LLC") can be made by:

> (1) serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and sending a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company.

Mich. Ct. R. 2.105(H).[3] Consistent with these rules, courts in the Eastern District have repeatedly held that service of an LLC via certified or registered mail alone is generally not sufficient to satisfy the requirements of Rule 4. *See e.g.*, *Leib v. Nestle' Purina Petcare Co.*, No. 23-CV-10728, 2023 WL 4494343, at *2 (E.D. Mich. July 12, 2023) (Drain, J.) ("[N]either the Federal Rules of Civil Procedure nor the Michigan

---

[3] This rule also provides that "service of process may be made by delivering or mailing by registered mail to the administrator (pursuant to MCL 450.4102[2][a]) a summons and copy of the complaint" but only when "a limited liability company fails to appoint or maintain an agent for service of process, or service under subsections (1) and (2) cannot be accomplished through the exercise of reasonable diligence." Mich. Ct. R. 2.105(H)(3). Under the relevant statute, the "administrator" is the director of Michigan's department of licensing and regulatory affairs or his or her designated representative. Mich. Comp. Laws § 450.4102(2)(a), (f).

4

Court [R]ules allow for service on a limited liability company via registered mail in the first instance."); *Cin. Ins. Co. v. Omega Elec. & Sign Co.*, 652 F. Supp. 3d 879, 883 (E.D. Mich. 2023) (Ludington, J.) ("Certified mail is not sufficient service of process on . . . an LLC under the Federal Rules of Civil Procedure or the Michigan Court Rules.")

Here, Plaintiff has only provided evidence that it attempted to serve Defendant by sending a copy of the summons and complaint via certified mail. (*See* ECF No. 3-1, PageID.14.) And Plaintiff has failed to explain why such service is sufficient under either the Federal Rules of Civil Process or the Michigan Court Rules. As such, the Court concludes that Defendant was not properly served and the Clerk's entry of default must be set aside.

Accordingly, Defendant's motion to set aside the Clerk's entry of default (ECF No. 5) is GRANTED. The Clerk's entry of default (ECF No. 4) is VACATED. Plaintiff must file an amended complaint that identifies the correct entity as Defendant by **Monday, June 17, 2024**. Plaintiff must then serve the amended complaint in full compliance with Rule 4. The Court notes that the current deadline to serve the complaint under Rule 4(m) is **Monday, June 24, 2024**. *See* Fed. R. Civ. P. 4(m) ("If

5

a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

IT IS SO ORDERED.

Dated: June 10, 2024  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2024.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager