UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Quiessence Rock,

                Plaintiff,       Case No. 24-10768

v.                                 Judith E. Levy
                                  United States District Judge
Stillman, P.C.,
                                  Mag. Judge David R. Grand

                Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTION [24], ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [23], AND GRANTING DEFENDANT'S <u>MOTION FOR SUMMARY JUDGMENT [15]</u>**

Before the Court is Magistrate Judge David R. Grand's Report and Recommendation ("R&R"), (ECF No. 23), which recommends that the Court grant Defendant's Motion for Summary Judgment. (ECF No. 15.)

On October 28, 2024, Magistrate Judge Grand issued the R&R. (ECF No. 23.) The parties were required to file specific written objections, if any, within 14 days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d). Plaintiff filed one objection on October 29, 2024, (ECF No. 24), and Defendant responded. (ECF No. 25.)

## I. Background

The Court adopts by reference the procedural history and background set forth in the R&R, having reviewed it and finding it to be accurate and thorough. (ECF No. 23, PageID.146–147.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (alteration in original). Objections that restate arguments already presented to the magistrate judge are improper. *See Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)). Moreover, objections must be clear and specific so that the district court can "discern those issues that are dispositive and contentious." *Miller v.*

*Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

### III.  Analysis

Plaintiff makes one objection to the R&R. (ECF No. 24.) She states that the parties have reached a settlement, but "[t]here was a delay in returning the Release to Plaintiff's Counsel because Plaintiff was 'unavailable.'" (*Id.* at PageID.154.) The objection states that Plaintiff eventually signed the release and returned it to Defendant's counsel. (*Id.*)

3

Plaintiff further states that "Plaintiff's counsel did not foresee the delay, and could not brief the court, and is waiting for the Settlement check to be released so that the closing documents could be filed." (*Id.* at PageID.155.) Defendant's response to the objection states that it does not dispute that it agreed to a settlement, (ECF No. 25, PageID.157), but in a further filing labeled a "supplement/clarification," it states that

> there is no fully executed settlement agreement between the parties; nor have any settlement funds been tendered. At best, it can be said that the parties reached an *informal* settlement agreement, which, for various reasons, has not been finalized.

(ECF No. 26, PageID.162 (emphasis in original).) Over three months after Plaintiff filed her objection, she has not filed closing documents.

A proper objection must "address specific concerns with the magistrate's report." *Howard*, 932 F.2d at 509. Plaintiff's objection does not identify any error in the R&R. Instead, the objection notifies the Court of a settlement, which Plaintiff failed to raise to the Court prior to the issuance of the R&R and that Defendant contends has never been executed. Plaintiff has not entered anything into the record supporting the conclusion that there is an executed settlement agreement, including the purportedly forthcoming closing documents mentioned in the objection. Most importantly, this objection does not reveal any flaw in the

4

R&R's reasoning or its ultimate conclusions about the facts and law at issue. *See Thomas*, 474 U.S. at 147. Accordingly, Plaintiff's objection is denied.

## IV. Conclusion

Having carefully reviewed the Report and Recommendation, the Court concurs in the reasoning and result.

For the reasons set forth above, Plaintiff's Objection, (ECF No. 24), is DENIED; the Report and Recommendation (ECF No. 23) is ADOPTED; and Defendant's Motion for Summary Judgment, (ECF No. 15), is GRANTED. Accordingly, this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: February 9, 2025　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 9, 2025.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager

5